1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE SNODGRASS, State Bar #148137
   SHERRI SOKELAND KAISER, State Bar #197986
3  Deputy City Attorneys
   1 Dr. Carlton B. Goodlett Place
4  City Hall, Room 234
   San Francisco, California 94102-4682
5  Telephone:     (415) 554-4691
   Facsimile:     (415) 554-4747
6  E-Mail:        sherri.kaiser@sfgov.org

7  Attorneys for Defendant
   San Francisco Rent Stabilization and
8  Arbitration Board

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12 | VANCE S. ELLIOTT,                          | Case No. C09-1397 VRW
13 |           Plaintiff,                       | **NOTICE OF MOTION AND MOTION TO DISMISS**
14 |     vs.                                    |
   |                                            | Hearing Date:   August 6, 2009
15 | THE SAN FRANCISCO BOARD OF                 | Time:           2:30 P.M.
   | SUPERVISORS AND THE SAN                    | Place:          Courtroom 6, 17th Floor
16 | FRANCISCO RENT STABILIZATION AND           |
   | ARBITRATION BOARD,                         |
17 |                                            |
   |           Defendants.                      |
18

19
                              **NOTICE OF MOTION**
20
       *To Plaintiff Vance S. Elliott, appearing pro se*:
21
       Please take notice that at 2:30 p.m. on August 6, 2009, at Courtroom 6 on the 17th Floor of 450
22
   Golden Gate Ave., San Francisco, CA, 94102, or as soon thereafter as it may be heard, Defendants
23
   shall move and hereby do move to dismiss the complaint.  The motion shall be based on these papers
24
   and the accompanying request for judicial notice.  Defendants will contend that this action should be
25
   dismissed because it is barred by res judicata.  Defendants shall further ask the Court to ensure that
26
   repetitive complaints about the Hotel Visitor Policy be screened out during its prefiling review.
27

28

   Defendant City's Motion to Dismiss Complaint         1                    n:\govlit\li2009\091256\00557168.doc
   CASE NO. C09-1397 VRW

## MOTION TO DISMISS

This is the fourth time in just two-and-a-half years that vexatious litigant Vance Elliott has brought the exact same complaint[1] against the Defendants (collectively, "City") to challenge San Francisco's Hotel Visitor Policy, which he claims violates his rights under the Fourteenth Amendment. Judge Armstrong has ruled that Mr. Elliott lacks standing to pursue this claim and has dismissed it with prejudice.[2] Res judicata requires that this complaint likewise be dismissed. Moreover, as Mr. Elliott is a vexatious litigant already subject to prefiling review procedures, the City asks the Court to use its inherent powers to ensure that these wasteful, repetitive complaints are no longer allowed to proceed.

## BACKGROUND

Mr. Elliott challenges the City's Hotel Visitor Policy ("Visitor Policy"), which restricts landlords' right to forbid overnight visitors at the City's single room occupancy hotels (SROs). *See* Request for Judicial Notice, Ex. A ("[N]o owner or operator of a single room occupancy hotel (SRO) shall deny a guest or occupant of the hotel the right . . . [t]o have eight (8) overnight guests per month..."). In his complaint, Mr. Elliott alleges that he lives in an SRO and that the Visitor Policy unconstitutionally limits his ability to entertain guests at his home in violation of the Fourteenth Amendment. Complaint at 2.

This is the fourth time Mr. Elliott has made these allegations. Most recently, on October 28, 2008, Mr. Elliott filed a nearly identical First Amended Complaint in which he alleged that the City had passed an ordinance "depriv[ing] all residents of all SRO hotels of the opportunity to have visitors at times of their own choosing" in violation of the Fourteenth Amendment. *Vance S. Elliott v. The San Francisco Rent and Arbitration Board*, N.D. Cal. Case No. CV06-04842 SBA, First Amended Complaint (Document no. 19, filed Oct. 28, 2008). In that case, the City filed and later renewed motions to dismiss for lack of standing. When Mr. Elliott made no response, the Court explicitly

---

[1] To be more precise, this is the fourth time in that time period that such a complaint was approved for filing. Mr. Elliott, a vexatious litigant, must submit his complaints to the Court for prefiling review. *See* fn. 3, *infra*.

[2] The City will shortly file an administrative motion with Judge Armstrong to relate this case to the three prior cases she has heard and decided.

1  warned him that his continuing failure to respond to the City's motion would result in dismissal with
2  prejudice. *Id*., Court's Order of February 17, 2009 (Document no. 40, filed February 18, 2009).
3  Specifically, the Court explained:

> **If Elliott fails to file an opposition as required by the Order, the Court will dismiss this matter with prejudice . . . . Elliott is warned that if this matter is dismissed with prejudice, he will not be able to file any pleadings related to any allegations giving rise to this matter, neither in this matter nor in any other matter.**

*Id*. at 4 (bolding in original).

After Elliott did file a one-page opposition on February 24, 2009, the Court ruled on the merits of the motion, holding that the Visitor Policy did not restrict SRO tenants from receiving visitors, but rather prohibited SRO owners and managers from restricting the number of visitors below eight per month. *Id*., Court Order of March 25, 2009, at 2-3 (Document no. 44, filed March 26, 2009). Accordingly, the Court held, the Visitor Policy did not injure Mr. Elliott but instead safeguarded his interests, and were the Court to strike down the Visitor Policy as Mr. Elliott requested, he would get no relief. *Id*. On this basis, the Court held that Mr. Elliott could not show Article III standing, which requires an injury in fact that is fairly traceable to the challenged action of the defendant and that is redressable by a favorable decision. *Id*. at 2 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The Court dismissed the complaint without leave to amend. *Id*. at 3.

One day before the Court issued this dismissal with prejudice, Mr. Elliott had already filed the serial complaint now under consideration.

**ARGUMENT**

Because the prior, legally and factually identical case was resolved on the merits and dismissed with prejudice, this complaint must also be dismissed on the principle of res judicata.

Res judicata provides that a final judgment on the merits precludes any further action on the same claim between the same parties. *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008). "[A] dismissal with prejudice has res judicata effect. There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case." *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999).

Here, it is plain that the issue raised in this complaint and the prior complaint are identical – whether the Hotel Visitor Policy violates plaintiff's rights under the 14th Amendment – and there is also no doubt that the issue was fully and finally resolved in Judge Armstrong's March 25, 2009 Order, in which she dismissed the claim with prejudice.  Accordingly, the rule of res judicata provides that Mr. Elliott's instant complaint must also be dismissed.

Unfortunately, Mr. Elliott's prior behavior gives the City reason to believe that even if this Court does dismiss Mr. Elliott's complaint in this matter, the City will just receive a new one, and another one after that.[3]  Mr. Elliott has an extensive history of filing serial complaints against the same defendants.[4,5,6,7,8]

---

[3] *See Vance Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 3:06-mc-80201(N. Cal filed 7/27/06, dismissed 8/4/06); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 4:07-cv-00694 (N. Cal filed 2/2/07, dismissed 3/28/07); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 4:08-cv-02352 (N. Cal filed 5/7/08, dismissed 3/26/09); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 4:07-cv-04446 (N. Cal filed 8/28/07, dismissed 4/1/08); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 4:06-cv-04842 (N. Cal filed 8/4/06, dismissed 4/1/08); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 3:07-mc-80001 (N. Cal filed 1/3/07, dismissed 1/10/07); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 3:08-mc-80036 (N. Cal filed 3/17/08); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 3:08-mc-80037 (N. Cal filed 3/17/08); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 3:07-mc-80039 (N. Cal filed 1/24/07, dismissed 2/1/07); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 3:07-mc-80127 (N. Cal filed 5/17/07); *Vance S. Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 4:07-mc-80166 (N. Cal filed 6/26/07, dismissed 8/28/07); *Vance Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 3:07-mc-80243 (N. Cal filed 10/12/07, dismissed 10/17/07); *Vance Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 3:07-mc-80246 (N. Cal filed 10/23/07, dismissed 10/29/07); *Vance Elliott v. San Francisco Rent Arbitration & Stabilization Board*, No. 3:07-mc-80254 (N. Cal filed 11/5/07, dismissed 12/12/07).

[4] *See, e,g, Vance Elliott v. Linda Johnson and John Blakenship*, No. 3:04-cv-00858 (N. Cal. filed 3/3/04, dismissed 1/11/05); *Vance Elliott v. John Blakenship*, No. 3:04-cv-01424 (N. Cal filed 4/12/04, dismissed 6/2/04); *Vance Elliott v. Linda Johnson*, No. 3:04-cv-01425 (N. Cal filed 4/12/04, dismissed 6/2/04); *Vance Elliott v. Linda Johnson and Capt. Blakenship*, No. 3:04-cv-02392 (N. Cal filed 6/16/04, dismissed 7/30/04).

[5] *See also Vance S. Elliott v. Andrea Beck*, No. 3:05-cv-01346 (N. Cal filed 4/4/05, dismissed 4/7/05); *Vance S. Elliott v. Andrea Beck*, No. 3:07-mc-80003 (N. Cal filed 1/3/07, dismissed 1/10/07); *Vance S. Elliott v. Andrea Beck*, No. 3:06-mc-80281 (N. Cal filed 9/19/06, dismissed 10/3/06); *Vance S. Elliott v. Andrea Bech*, No. 3:06-mc-80349 (N. Cal filed 12/5/06, dismissed 12/19/06).

[6] *See also Vance S. Elliott v. San Francisco Board of Supervisors*, No. 3:09-cv-01397 (N. Cal filed 3/24/09); *Vance S. Elliott v. Board of Supervisors of the City and County of San Francisco* , No. 3:07-mc-80009 (N. Cal filed 1/8/07, dismissed 1/10/07); *Vance S. Elliott v. The San Francisco Board of Supervisors*, et al., No. 3:09-mc-80038 (N. Cal filed 3/4/09, dismissed 3/24/09); *Vance S. Elliott v. San Francisco Board of Supervisors*, No. 3:09-mc-80042 (N. Cal filed 3/9/09); *Vance S. Elliott v. The San Francisco Board of Supervisors*, No. 3:07-mc-80258 (N. Cal filed 11/8/07, dismissed 12/12/07);

For this reason, the City asks the Court to use its inherent power to ensure that Mr. Elliott's complaints that the Hotel Visitor Policy violates the 14th Amendment no longer survive the pre-filing review process to which Mr. Elliott's filings are subject.  If all reviewing judges were made aware that this particular complaint has already been litigated and brought to final judgment on the merits in favor of the City, then the City could save its resources for other matters without impinging on Mr. Elliott's already satisfied right to pursue his grievances in Court.

### CONCLUSION

For the foregoing reasons, the City asks the Court to dismiss this case with prejudice and to use its inherent power to screen out these serial complaints and deny permission to file.

Dated:  May 19, 2009

                                DENNIS J. HERRERA
                                City Attorney
                                WAYNE SNODGRASS
                                SHERRI SOKELAND KAISER
                                Deputy City Attorneys


                    By:_____/s/_____.
                          SHERRI SOKELAND KAISER

                            Attorneys for Defendant San Francisco Rent Stabilization
                            and Arbitration Board

---

*Vance S. Elliott v. Members of Board of Supervisors*, No. 3:06-mc-80272 (N. Cal filed 8/30/06, dismissed 11/1/06).

[7] *See also Vance S. Elliott v. The President, Directors of Veteran Hospitals Fort Miley*, No. 3:06-cv-04912 (N. Cal filed 8/15/06, dismissed 8/18/06); *Vance S. Elliott v. President and Director of VA Hospital Fort Miley*, No. 3:07-mc-80010 (N. Cal filed 1/8/07, dismissed 1/10/07); *Vance Elliott v. President of the VA Hospital*, No. 3:07-mc-80071 (N. Cal filed 3/9/07, dismissed 3/16/07).

[8] *See also Vance S. Elliott v. American Psychiatric Association*, No. 3:07-mc-80011 (N. Cal filed 1/8/07, dismissed 1/10/07); *Vance S. Elliott v. American Psychiatric Association*, No. 3:07-mc-80072 (N. Cal filed 3/9/07, dismissed 3/16/07); *Vance S. Elliott v. American Psychiatric Association*, No. 3:07-mc-80092 (N. Cal filed 4/2/07, dismissed 4/4/07).

# PROOF OF SERVICE

I, DIANA QUAN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, Room 234, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102-4682.

On May 19, 2009, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS**

on the following persons at the locations specified:

**VANCE S. ELLIOTT**
**The Baldwin House**
**74 Sixth Street, #226**
**San Francisco, CA  94103**

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service.

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4747 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed May 19, 2009, at San Francisco, California.

/s/
DIANA QUAN